HENRY CHAPIN, Judge of Probate and Insolvency, *vs.* GEORGE H. LIVERMORE & another.

The sureties on a guardian's bond are not discharged from liability by the fact that the guardian's account is not settled until more than two years after his death, and after the right of action against his administrator is barred by the statute of limitations.

ACTION OF CONTRACT against the sureties on a bond given by Lewis Bemis as guardian of Joshua E. Bemis and Pamela K. Bemis. The case was submitted to the court upon an agreed statement of facts, and argued by *P. C. Bacon,* for the plaintiff, and *C. Devens, Jr. & W. T. Harlow,* for the defendants. After a consultation of all the judges at Boston in June 1860, the opinion of the court was drawn up by

HOAR, J. The defendants are the sureties upon a guardian's bond. The guardian died in November 1856, and his administratrix gave bonds and published the notice of her appointment in December 1856. A citation issued to her to settle the guardianship account, and she filed the account on the 19th of March 1859, and it was allowed on the same day; and, the bar

ance, which was found due from the guardian upon the account, not being paid, this suit was brought on the 29th of March 1859. New guardians were appointed in December 1857 and February 1858.

By the 26th section of the 79th chapter of the Revised Statutes, suits against the sureties upon a bond given by a guardian, are limited to " four years from the time when the guardian shall be discharged." This action was not barred, therefore, under that statute.

But the defendants contend that they are exonerated, because the remedy against the administratrix is barred by *St.* 1852, *c.* 294, upon the ground that when a principal debtor is discharged by the laches of the creditor, the sureties will also be discharged.

The relation of a guardian to the property of his ward is peculiar. The guardian is entitled to the custody and management of the ward's estate ; but the property in it does not vest in him. It remains the estate of the ward, notwithstanding the guardian's appointment, and no action can be maintained by the guardian in his own name respecting it. It is the duty of the guardian to keep his ward's estate distinct from his own and his possession of the ward's estate does not, in strictness, create a debt from him to his ward. *Conant* v. *Kendall*, 21 Pick. 38. By the death of the guardian, the guardianship is terminated, and being a personal trust, does not pass to the executor or administrator ; and the property remains the property of the ward. It does not become assets in the hands of the administrator, to be administered ; but, if capable of being distinguished as the ward's estate, is held by the administrator merely for its preservation, to protect the rights of the guardian, and temporarily those of the ward, until an account can be settled in the probate court, those rights definitely determined, and the property delivered to a new guardian, or to the ward, according to the decree of that court.

The administrator is the usual and proper person to present the account of the deceased guardian for settlement ; but it has been held that it may be presented and its allowance procured

by the sureties upon the guardian's bond. *Curtis* v. *Bailey*, 1 Pick. 199.

In view of these considerations, it is difficult to see how there has been any such laches in the case before us, as should operate to discharge the sureties. If no debt existed from the guardian to the ward, there was no·cause of action existing, in favor of the ward, before the death of the guardian. If any estate of the ward came into the possession of the administratrix, it would not be assets of her intestate to be administered, and her duty to deliver it to the new guardians upon demand, after the settlement of the guardianship account, would not be terminated upon the expiration of the time limited for suits against her in her capacity as administratrix. Her possession of that estate would be rather in the nature of a bailment than of a debt; and a cause of action would first arise when, by the settlement of the account, it was determined how much she had a right to retain, and how much should be paid or delivered to the new guardians. The cause of action against her, as the representative of her intestate, first accrued when, upon the settlement of the account, and a demand made in conformity with it, it first appeared that there was a balance of the estate of the ward, which the intestate, in violation of his trust, had not left in readiness to be delivered or paid over according to the decree of the court of probate.

It might not be practicable to settle the account of guardianship within the two years to which the liability of the administratrix was limited. If it was for the interest of the sureties to have a speedy settlement, they could have taken measures to secure it. There was nothing in the relations of the parties, from which the ward or his representatives were bound to suppose that the whole estate would not be found ready to respond to the decree of the court of probate when the account should be settled, or that the sureties on the bond would be prejudiced by the delay.

It is then a cause of action first accruing against the estate of the intestate, after the time limited for suits against the administratrix has elapsed, and an action against her is barred by

the limitation of two years. That it did not sooner accrue can not be regarded as laches by the creditor, but is rather to be regarded as a not improbable incident to the nature of the contract which the sureties assumed. *Defendants defaulted.*